IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KENNETH RAY WEAVER PLAINTIFF

v. Civil No. 4:26-cv-04012-SOH-SGS

CAPTAIN JAMES WISE;
LIEUTENANT MARICELLA EVANS;
DETENTION OFFICER DAVID TARPLEY;
SERGEANT JOEY MERCHANT;
and SERGEANT CHARITY TYLER DEFENDANTS

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Kenneth Ray Weaver, originally filed this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983 on February 18, 2026, while an inmate at the Hempstead County Detention Center. (ECF No. 1). Currently before the Court is Defendants' Motion to Dismiss for Plaintiff's failure to prosecute. (ECF No. 26).

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

## I. BACKGROUND

In its provisional filing Order, the Court specifically advised Plaintiff:

> **If Plaintiff is transferred to another jail or prison or released, he shall have 30 days from the date of transfer or release in which to notify the Court of his new address. If you are released, in addition to providing your new address, you must provide a telephone number and e-mail address.**

(ECF No. 3) (emphasis in original).

On May 13, 2026, the Court received mail sent to Plaintiff at his address of record, at the Hempstead County Detention Center, returned as undeliverable mail. Plaintiff's new address was due June 12, 2026. (ECF No. 16). Plaintiff has not provided the Court with any new address and all further mail sent to Plaintiff at his address of record has been returned as undeliverable. (ECF Nos. 23, 24, 31).

On July 10, 2026, Defendants filed a Motion to Dismiss seeking dismissal of this case based on Plaintiff's failure to prosecute and comply with Court orders by keeping his address of record updated. (ECF No. 26). Plaintiff failed to respond to the Defendants' Motion to Dismiss.

Plaintiff has not communicated with the Court since initially filing this case in February 2026. (ECF No. 1).

## II. DISCUSSION

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b),

a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

As evidenced by the docket, Plaintiff has wholly failed to prosecute this matter and also failed to keep the Court appraised of his current address and comply with the Court's Orders. Accordingly, the Court recommends Plaintiff's Complaint be dismissed without prejudice.

## III. CONCLUSION

Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court hereby recommends Defendants' Motion to Dismiss (ECF No. 26) be **GRANTED** and Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE**.

**REFERRAL STATUS: The referral in this case shall be terminated.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED this 24th day of September 2026.**

/s/ Spencer G. Singleton
HON. SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE